UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

              Plaintiff,                          No. 16-12481

v.                                                District Judge Mark A. Goldsmith
                                                  Magistrate Judge R. Steven Whalen

CHRISTOPHER NOVOSAD, ET AL.,

              Defendants.
_____/

**OPINION AND ORDER**

On July 8, 2016, Plaintiff Allstate Fire and Casualty Insurance Company

("Allstate") filed its first amended complaint ("FAC") [Doc. #4]. Among the Defendants

is the Michigan Assigned Claims Plan ("MACP"). Because the MACP did not timely

answer the FAC, the Clerk of the Court entered a default on August 23, 2016, on

Plaintiff's request [Doc. #18]. Before the Court is MACP's Motion to Set Aside Clerk's

Entry of Default and for Permission to File Answer and Affirmative Defenses to the First

Amended Complaint [Doc. #23].[1] For the reasons discussed below, MACP's motion will

be GRANTED.[2]

_____

[1] Defaults were also entered as to Defendant April Novosad and April Novosad as
Next Friend of Hanna Jolee Novosad [Doc. #15 and Doc. #16]. They are not parties to
this motion, which is brought only by Defendant MACP.

[2] On August 1, 2016, this case was referred to the undersigned Magistrate Judge
for all pretrial proceedings [Doc. #11]. A motion to set aside a Clerk's entry of default (as
opposed to grant or set aside a default *judgment*) is considered a non-dispositive motion
that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than
addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See J & J
Sports Prods., Inc. v. Martinez*, 2013 WL 2147790, at *1, fn. 2 (M.D.N.C. 2013) ("The
entry of default (and thus the decision to set aside or to leave in effect such an entry)

## I.   LEGAL PRINCIPLES

A motion to set aside a default is governed by Fed.R. Civ.P. 55(c).  That Rule sets forth a relatively relaxed "good cause" standard for setting aside a Clerk's entry of default.   *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010).  In *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir.2003), the Sixth Circuit described the Rule 55(c) standard as follows:

> "[T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry. The criteria used to determine whether "good cause" has been shown for purposes of granting a motion under Rule 55(c) are whether (1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious. It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." (internal quotation marks, citations, and footnote omitted.).

A court reviewing a Rule 55(c) motion should be "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency, supra*, 595 F.3d at 322.

## II.   DISCUSSION

After being served with the FAC, former counsel for MACP discerned a potential conflict of interest, given that counsel's law firm had represented Plaintiff Allstate in

---

constitutes a pretrial matter that does not dispose of any claim or defense; as a result, courts have treated motions of this sort as subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)," citing *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir.2002)); *Pinkston v. Atlanta Reg'l Comm'n*, 2007 WL 4224814, at *2 (N.D. Ga. 2007)(Magistrate Judge's "decision to set aside the clerk's entry of default was not dispositive or potentially dispositive, because no judgment had been entered"); *Minnesota Life Ins. Co. v. Caradine*, 2014 WL 2938342, at *2, fn. 5 (N.D. Iowa 2014)("A magistrate judge is authorized to determine all non-dispositive pretrial motions, including a motion to set aside an entry of default.").

other matters. Counsel sought and obtained from Plaintiff's counsel extensions of time that placed the due date for the answer to the FAC at August 19, 2016. Plaintiff requested Clerk's entry of default three days later, on August 22, 2016, and the Clerk entered default the next day, August 22, 2016. MACP filed the present motion of September 7, 2016. MACP's proposed answer, with affirmative defenses, is attached to the motion as Exhibit 1.

### A.    Prejudice and Meritoriousness of Defense

I begin with the second and third prongs of the three-part test of Rule 55(c). Plaintiff Allstate concedes that it is not difficult for Defendant to meet those tests, and I agree. As to prejudice, the default was entered only four days after the answer to the FAC was due, the FAC itself was filed less than three months ago. There has not been an excessive passage of time, and in any event, "[d]elay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice." *Burrell v. Henderson,* 434 F.3d 826, 835 (6th Cir. 2006), citing *United Coin Meter Co. v. Seaboard Coastal Line R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). There is no evidence that Plaintiff will be otherwise prejudiced.

In its motion, MACP discusses several defenses, including the statute of limitations set forth in M.C.L § 500.3145(1) and the statutory priority of payment established by Michigan's No-Fault Act. A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)(internal quotations and citations omitted) (emphasis in original). Further, "[i]f a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell v. Henderson, supra*, 434 F.3d at 834. MACP has clearly satisfied the "meritorious defense" prong of Rule 55(c).

## B.    Willfullness

Allstate relies on the "willfulness" prong of Rule 55(c) in opposing the motion to set aside the default. MACP's present counsel explains the failure to timely answer the FAC with the following facts. MACP's previous counsel sought a conflict waiver from Allstate, but had difficulty obtaining a response. Present counsel received the FAC on August 11, 2016.[3] At that time, however, counsel was undergoing treatment for a serious medical condition, and "the agreed upon deadline was inadvertently overlooked among the hundreds of emails [counsel] generally receives on a daily basis." *Defendant's Motion*, p. 5; Counsel's affidavit, ¶ 4. Counsel further states, at ¶ 6 of her affidavit:

> "This was simple inadvertence under extenuating circumstances and did not occur for the purpose of delaying the proceedings, abusing the process, in disregard of the judicial proceedings, or seeking any other improper advantage.  To the best of my recollection, I have never had a client be defaulted for my failure to file by a certain deadline in my 30 years of practicing law. Nor have I been sanctioned by any Court or disciplined in any way."

A request to set aside a default should be "extremely forgiving to the defaulting party," *United States v. $22,050.00 U.S. Currency, supra*, 595 F.3d at 322, and should be denied only for egregious behavior. "To be treated as culpable, the conduct of a defendant must display either an attempt to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 194 (6th Cir.1986).  Moreover, "[a]default judgment deprives the client of his day in court, and should not be used as a vehicle for disciplining attorneys." *Id.* at 195. Here, part of the delay was occasioned by the need to resolve the conflict of interest issue, and, more importantly, part of the very short delay was the result of counsel's medical situation. Give her a break. The practice of law is demanding, but

---

[3] Counsel's affidavit is appended to the motion as Exhibit 3.

out of professional courtesy, most attorneys–and certainly this Court–allow sister and brother counsel a certain amount of slack where there is a health issue. Counsel has certainly not displayed a disregard for or a deliberate attempt to thwart these proceedings. Even if we were to consider counsel's conduct to have been negligent, it cannot be considered willful or culpable.

### III.   CONCLUSION

Defendant MACP's Motion to Set Aside Clerk's Entry of Default [Doc. #23] is GRANTED, and the Clerk's Entry of Default [Doc. #18] is VACATED.

Defendant MACP's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, attached to the motion as Exhibit 1, is accepted for filing, *nunc pro tunc* to September 7, 2016.  However, Defendant MACP will, within seven days of the date of this Order, re-file its Answer and Affirmative Defenses as a separate document.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: September 29, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 29, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen