UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

        Plaintiff,                              No. 16-12481

v.                                         District Judge Mark A. Goldsmith
                                               Magistrate Judge R. Steven Whalen

CHRISTOPHER NOVOSAD, ET AL.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

On July 1, 2016, Plaintiff Allstate Fire and Casualty Insurance Company ("Allstate") filed a diversity action seeking a declaratory judgment arising out of an automobile accident that occurred on January 2, 2015. The action is based on Michigan's No-Fault Insurance Act. Allstate seeks recovery from the Michigan Assigned Claims Plan ("MACP") for no-fault benefits it paid to the insured. Before the Court is Defendant MACP's Motion for Summary Judgment Based on the One-Year Back Rule [Doc. #35], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

### I.    FACTS

On January 2, 2015, Christopher Novosad, April Novosad, and Hanna Jolee Novosad were injured in an automobile accident that occurred in Bay City, Michigan. *First Amended Complaint* ("FAC")[Doc. #4] ¶ 16. The car involved in the accident, a 1998 Ford Explorer, was owned by Theodore Novosad, a non-party, and Christopher

Novosad was the constructive owner and driver. *Id*. ¶¶ 11-12. Christopher and April Novosad were named insureds on a policy covering the Ford Explorer, issued by Allstate in Texas. *Id*. ¶ 14. Following the accident, Allstate paid No-Fault benefits to the Novosads. *Id*. ¶ 17.

Allstate now claims that because Christopher Novosad, whom it alleges is a Michigan resident, failed to obtain a Michigan No-Fault policy, he is not entitled to personal injury protection benefits from Allstate. *Id*. ¶ 18. Allstate claims that it is not the highest priority insurer, rather that MACP is higher in priority. *Id*. ¶¶ 26-27. Allstate therefore seeks recovery from MACP of the No-Fault benefits it has paid to the Novosads, based on the No-Fault Act and a theory off equitable subrogation set forth in Count II of the FAC.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party

will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.     DISCUSSION

Under M.C.L. § 500.3145(1), there is a one-year statute of limitations for claims for personal protection insurance benefits under Michigan's No-Fault Act, running from the date of an accident causing injury. This provision is referred to as the "One-Year Back Rule," and reads as follows:

> "An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a

person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

Defendant MACP seeks dismissal under the One-Year Back Rule. It is undisputed that the accident occurred on January 2, 2015 and that Allstate filed its complaint 18 months later, on July 1, 2016. If the One-Year Back Rule applies, Allstate's complaint against MACP is time-barred.[1] In its response [Doc. #36], Pg. ID 275, Allstate argues that the One-Year Back Rule applies only to individual "insureds," not to insurers:

> "Pursuant to the One-Year Back rule of MCL 500.3145, an <u>insured</u> can only recover benefits for losses incurred within one year preceding the commencement of the action. The One-Year Back Rule was meant to protect the individual insured. The current claim does not fall within the One-Year Back Rule as it is a claim arising out of PIP benefits having been paid by an insurer in which a higher order priority insurer has been identified, no repayment[s] are being sought from the individual insured." (Emphasis in original).

Allstate's argument that the One-Year Back Rule does not apply to insurance companies is without support, and indeed runs counter to numerous cases, both state and federal, interpreting the Rule. First, it is important to recognize that this is a subrogation action, in which Allstate is subrogated to the rights of the Novosads. Count II of the FAC specifically claims equitable subrogation. In fact, Allstate claimed in the Joint Proposed Discovery Plan [Doc. #32] that its complaint is not time-barred *because* it asserts a subrogation claim:

> "Plaintiff's claim is not bared [sic barred] by the 1 year back statute as it is a subrogation claim and thus governed by a 6 year statute of limitations. Pursuant to MCL 500.3177(1) there is no bar to a subrogation claim." Joint

---

[1] Under its terms, § 3145(1) would not apply if MACP had received written notice of the injury within a year after the accident. However, the parties have stipulated that "Defendant, Michigan Assigned Claims Plain, did not have notice of the accident until after the Complaint was filed on July 8, 2016." Joint Proposed Discovery Plan [Doc. #32], Pg. ID 189.

Proposed Discovery Plan [Doc. #32], Pg. ID 188.[2]

In a subrogation action, the subrogee (in this case Allstate) "stands in the shoes of the subrogor [in this case the Novosads] and acquires no greater rights than those possessed by the subrogor." *Yerkovich v. AAA*, 461 Mich. 732, 610 N.W.2d 542, 544 (2000). In *Federal Kemper Insurance Company v. Western Insurance* Companies, 97 Mich.App. 204, 293 N.W.2d 765 (1980), the Court found that an action between insurers of different priorities, such as we have in the present case, is a subrogation action. The Court referred to the earlier case of *Farmers Ins. Group v. Progressive Casualty Ins. Co.*, 84 Mich.App. 474, 269 N.W.2d 647, 652 (1978), in which, it said, "[T]his Court held that where an insurer, whose liability is arguably secondary to that of a primary insurer, pays the claim, it becomes subrogated to the right os the insured." 293 N.W.2d at 767. *Federal Kemper* held that as a subrogation claim, the action was subject to the One-Year Back Rule. *Id* at 768. *See also Amerisure Companies v. State Farm Mutual Automobile Ins. Co.*, 222 Mich.App. 97, 564 N.W.2d 65, 68 (1997)("[W]e hold that the one-year period of limitation of § 3145 of the no-fault act governs actions between no-fault insurers for recovery of monies mistakenly paid by the secondary insurer. Such actions are ones of subrogation....").

In *Titan Insurance Co. v. Farmers Ins. Exchange*, 241 Mich.App. 258, 615 N.W.2d 774, 775-76 (2001), the Court found that a claim for recoupment of no-fault benefits from another insurer *of the same order of priority* was not subject to § 3145, but distinguished cases "in which an insurer's right to recovery or reimbursement from

---

[2] M.C.L § 500.3177 provides for recovery of benefits paid "from the owner or registrant of the uninsured motor vehicle or from his or her estate." This statute is therefore inapplicable to a subrogation claim by one insurer against another insurer of arguably higher priority.

another insurer was found to be subrogated to the insured's right to recovery and therefore subject to the period of limitation in § 3145." (Citing *Amerisure* and *Federal Kemper*). And in *American Medical Security, Inc. v. Auto Club Ins. of Michigan*, 238 F.3d 743, 751 (6th Cir. 2001), the Sixth Circuit, citing *Titan*, weighed in, concluding, "Simply put, *Titan* reiterated and confirmed what the Michigan courts have consistently held: that § 3145 applies to reimbursement suits between no-fault insurers."

In this case, Allstate claims that MACP is a higher priority insurer, and seeks reimbursement for No-Fault benefits it paid to the Novosads. Michigan law makes clear that this is a subrogation claim subject to the One-Year Back Rule. Allstate filed its complaint 18 months after the date of the accident. The parties have stipulated that MACP did not receive notice of the accident until after the complaint was filed. *See* fn. 1, *above*. Therefore, Allstate's claim against MACP is time-barred under M.C.L. § 3145(1).

## IV. CONCLUSION

I recommend that Defendant MACP's Motion for Summary Judgment Based on the One-Year Back Rule [Doc. #35] be GRANTED, and that Defendant MACP be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 14, 2017             s/R. Steven Whalen
                                   R. STEVEN WHALEN
                                   UNITED STATES MAGISTRATE JUDGE


### CERTIFICATE OF SERVICE

**I hereby certify on August 14, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants August 14, 2017.**

                                   **s/Carolyn M. Ciesla**
                                   **Case Manager for the**
                                   **Honorable R. Steven Whalen**